## DEAN *et al. v.* THE STATE.

1. Movant assigns error on the following excerpt from the charge of the court, to wit: "In order to authorize you to convict, it should be sufficient to exclude every other reasonable theory or hypothesis save that of the defendants' guilt. It should be consistent with their guilt, and inconsistent with their innocence." The criticism is that the words "It should be consistent with their guilt and inconsistent with their innocence" qualified what the court had said as to excluding every reasonable hypothesis except that of guilt. *Held,* that the charge excepted to is substantially in the terms of the Penal Code (1910), § 1010. It is not subject to the criticism made, and was not erroneous.

2. Movant assigns error on the following charge of the court: "I charge you that flight, if shown on the part of either of the defendants, unexplained to the reasonable satisfaction of the jury, after the commission of the alleged crime, is circumstance for your consideration in determining the question of guilt or innocence of the defendants." The criticism is that it did not state the law correctly, because, in view of the testimony of a State's witness, it was error to require the defendants to explain anything in regard to flight to the reasonable satisfaction of the jury. The charge was authorized by the evidence, and contained a correct statement of the law, and was not rendered incorrect on account of the testimony of the State's witness, as contended.

3. Error is assigned on the following charge of the court: "In so far as the defendants rely for acquittal upon this defense [alibi], the burden is upon them to establish it to the reasonable satisfaction of the jury." The criticism is, that, in view of the evidence of a witness for the State, "the court should not have required the jury that defendants carry the burden; and that the charge ignored, as movants contend, the evidence of the State on this defense of alibi." The charge stated a correct principle of law, and was not rendered erroneous by the evidence of the witness for the State, as contended. *Dedge* v. *State,* 153 *Ga.* 176 (111 S. E. 547), and authorities cited.

4. Error is assigned on the following charge of the court: "But in the event they shall have failed to carry this burden, you will nevertheless consider such evidence as has gone before you on the subject of alibi, in determining whether or not a reasonable doubt exists in your minds as to the guilt of these two defendants." The criticism is that "it places the burden on the defendants to raise a reasonable doubt as to

their guilt, and not upon the State — because not the law of this case."
*Held,* that the charge stated a correct principle of law.

5. Error is assigned on the following charge: "If a witness testifying before you has thus been successfully. impeached, but if, taking the evidence of such witness together with the facts and circumstances shown by other evidence in the case, you believe her testimony to be true, when thus corroborated, you should believe that evidence notwithstanding the proof of previous contradictory statements, if such proof has been made." *Held,* that this excerpt was not erroneous. It does not state the law on that subject in terms beyond criticism, but such inaccuracy is not cause for the grant of a new trial.

6. The verdict is supported by evidence.

No. 3300. NOVEMBER 18, 1922.

Indictment for murder. Before Judge Tarver. Murray superior court. June 10, 1922.

*H. H. Anderson* and *W. E. & W. G. Mann,* for plaintiffs in error.

*George M. Napier, attorney-general, Joseph M. Lang, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.,* contra.

GILBERT, J. 1. Except the fifth, none of the headnotes require elaboration.

2. The ground of the motion for a new trial dealt with in the fifth headnote assigns error on the following charge of the court: "If a witness testifying before you has thus been successfully impeached, but if, taking the evidence of such witness together with the facts and circumstances shown by other evidence in the case, you believe her testimony to be true, when thus corroborated, you should believe that evidence notwithstanding the proof of previous contradictory statements, if such proof has been made." The criticisms on the charge are as follows: "Because the contradictory statements referred to was not only contradictory statements, were really sworn testimony of the witness made in this case when Mrs. Cross was a witness before Judge Tarver at Dalton, Ga., sworn statements which was ignored by the charge referred to, and are not contradictory statements as usually made not under oath; because the charge failed to tell the jury that the 'facts and circumstances corroborating' should be on the points wherein she had previously sworn to, contradicting her sworn testimony on the trial of this case or on material points in her testimony; because there was, as movant contends, [no evidence?] corroborating the testimony of Mrs. Cross, the witness mentioned, and for this reason was error, and was an intimation in the charge by the

court that there was such facts and circumstances corroborating her testimony, and in telling the jury that ' you should believe that evidence notwithstanding the proof of previous contradictory statements, if such proof has been made,' was an invasion of the province of the jury by the court — what the jury should or should not do as to believing or not believing any witness impeached or unimpeached was a matter entirely with the jury, and certainly the court had no legal right, as movants contend, to tell the jury ' you should believe such witness,' the jury being the exclusive judges of the credibility of all witnesses, whether attacked in any mode pointed out by law for impeachment or not." The charge of which complaint is made is substantially in the language of the Civil Code (1910), § 5884, which is as follows: " When a witness is successfully contradicted as to a material matter, his credit as to other matters is for the jury. But if a witness swear wilfully and knowingly falsely, his testimony ought to be disregarded entirely, unless corroborated by circumstances, or other unimpeached evidence. It is for the jury to determine the credit to be given his testimony where impeached for general bad character, or for contradictory statements out of court." Stated in another way, the court instructed the jury that they should believe the evidence of the witness sought to be impeached, notwithstanding proof of previous contradictory statements, if corroborated by facts and circumstances shown by other evidence in the case which the jury believed to be true. The court confused the term " successfully impeached " with the term " successfully contradicted," which should have been employed. This confusion has repeatedly been pointed out in the decisions of this court. *Powell* v. *State,* 101 *Ga.* 9, 19 (29 S. E. 309, 65 Am. St. R. 277) ; *Elliott* v. *State,* 138 *Ga.* 23 (2), 25 (74 S. E. 691). Where a witness is sought to be impeached by previous contradictory statements not made in court, the credit of the witness in other matters is for the jury, notwithstanding the witness has been " successfully contradicted " as to a material matter. Where a witness swears wilfully and knowingly falsely, the code provides that the testimony ought to be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence. It necessarily follows that where the testimony of the witness has been corroborated by circumstances or other unimpeached evidence which the jury believes

to be true, it should not be disregarded. In the present case the court instructed the jury that if the evidence was corroborated by facts and circumstances shown by other evidence in the case which the jury believed to be true, they should believe that evidence. The object of all legal investigation is the discovery of truth. The law imputes perjury to no witness. It is presumed that every witness speaks the truth, and it is elementary to say that it is the duty to reconcile the testimony of witnesses so that all may speak the truth. How can it be denied, then, that the evidence of a witness, though contradicted by previous sworn evidence of the same witness, should be believed if the last evidence is corroborated by facts and circumstances which convince the jury that the evidence is the truth. It follows that the jury must believe the evidence which they believe to be the truth, especially when they are convinced of its truth from corroborating circumstances shown by other evidence. Surely, under these explicit instructions, the jury could not have been misled, nothwithstanding the inaccurate use of the words "successfully impeached" as pointed out above. On the trial of the case Mrs. Vernon Cross, the widow of the deceased, was introduced as a witness; and on cross-examination counsel for the accused sought to impeach her evidence by showing that she had made previous contradictory statements. On the question of these previous statements there is much repetition in the evidence, and for that reason we will not undertake to quote all of it: The following will suffice to show the substance of this evidence: " A. Yes, sir, I was examined before Judge Tarver about this matter. Q. And he asked you this same question, didn't he? A. I don't remember what the Judge asked me. Q. Didn't he ask you that same question and you answered, ' I am not sure but we seen two,' and then the judge asked you, ' Did you recognize either one? ' and you answered, ' I can't tell you.' Then the question, ' What time Monday was that? ' and you answered, ' About noon.' Q. Did you answer that way? A. I don't remember what I said. Q. Didn't you tell Judge Tarver that you did not recognize either one of them? A. I don't remember that. Q. Didn't he ask you if you recognized them, and you said, ' I can't tell you.' A. I don't remember. No, sir, I did not know as well then as I do now. I did not know what I was saying then, because I was crazy with grief; but I know these boys were there, and I seen the

three heads. I seen two. Q. Didn't he ask you if you recognized either one, and you answered, ' I can't tell you ' ? A. I don't remember what I said. Q. If you did tell him that, it was the truth, was it not? A. I don't remember saying it. I am telling you the truth now about seeing three heads over there, and may be four. I seen three. Q. What did you tell Judge Tarver you saw two for? A. Did I say two? Q. Why didn't you tell him then that you recognized them? A. Because I was not at myself. Q. Was not at yourself? A. No, sir, I was crazy with grief, because they took the dearest friend I ever had on earth away from me."
In addition to what was brought out on the cross-examination of Mrs. Cross, there was introduced in evidence what purports to be " Evidence of Mrs. Vernon Cross, taken before his honor Judge M. C. Tarver on February 24th, 1922, at Dalton, Georgia." It does not appear by whom this evidence was introduced. It was taken just four days after the homicide occurred. It consists of more than ten pages of typewritten matter, much of which has no bearing on the question now under discussion. It is not clear what the nature of the proceeding was. It purports to have occurred at Dalton, Ga., in Whitfield County. There is no suggestion in the record anywhere that there had been a change of venue, and that these defendants were ever tried in Whitfield County. On the contrary this seems extremely unlikely. The killing occurred in Murray County, and the trial of the case now before us took place in Murray County. Among other things included in the testimony of Mrs. Cross, delivered at Dalton, Ga., is the following : " Q. Did you recognize either one of them? A. I could not tell you. Q. Did either one of them look like George Huffman? A. As well as I could see, it was at least two blocks. I couldn't tell how they were dressed; it looked like they had on some kind of little black hat; they fired right over there where we was."

*Judgment affirmed. All the Justices concur.*