## 33416.   CROWE *v.* THE STATE.

DECIDED FEBRUARY 15, 1951.

*Hicks & Culbert*, for plaintiff in error.

*W. T. Maddox, Solicitor-General, John W. Davis*, contra.

TOWNSEND, J. (After stating the foregoing facts.) The general grounds devolve upon the question of what credence, if any, is to be placed on the testimony of the alleged accomplices, together with what corroboration, if any, exists as to facts testified to by them.

Code § 38-1806 states as follows: "When a witness shall be successfully contradicted as to a material matter, his credit as to other matters shall be for the jury, but if a witness shall swear wilfully and knowingly falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence. The credit to be given his testimony where impeached for general bad character or for contradictory statements out of court shall be for the jury to determine."

As to the witness Ellen, there is no dispute but that he swore "wilfully and knowingly falsely" in that he completely repudiated his testimony on direct examination and swore to an opposite state of facts on cross-examination, admitting that he had sworn to a lie.

Code § 38-1806 is carefully analyzed in *Reed* v. *State*, 163 *Ga.* 206, 218 (135 S. E. 748), in which case it is pointed out that there has been much loose interchange of the terms "successfully contradicted" and "successfully impeached." Where a witness is successfully contradicted, in the first clause of this section, his credit as to other matters is for the jury. If he is successfully impeached, as he must be when he swears wilfully and knowingly falsely in the same case, then, according to the second clause of the section "his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." The amount of corroboration needed is that amount of corroborative evidence which will convince the jury that a certain state of facts is true. As stated in *Dean* v. *State*, 154 *Ga.* 533, 536 (114 S. E. 809): "How can it be denied then that the evidence of a witness, though contradicted by previous sworn evidence of the same witness, should be believed if the last

evidence is corroborated by facts and circumstances which convince the jury that the evidence is the truth. It follows that the jury must believe the evidence which they believe to be the truth, especially when they are convinced of its truth from corroborating circumstances shown by other evidence."

It is obvious that two kinds of corroboration of the testimony of the witness Ellen are necessary for the conviction of the accused. In the first place Ellen, if he is to be believed at all, is an accomplice, whose testimony must be reinforced by "corroborating circumstances." Code, § 38-121. This corroborating evidence "must connect the defendant with the offense and tend to show his guilt." *Rice v. State*, 16 *Ga. App.* 128 (1) (84 S. E. 609). The testimony of Ike Campbell connected the defendant with the offense in that at night in a lonely wood where only one car had entered the woods he saw the defendant and Zinnerman loading whisky on a truck below his pasture, which, from all the testimony, must have been in close proximity to the place where the still was located. It thus connected him with the offense in point of time and place, and at the very least showed a guilty knowledge on his part.

In the second place, the testimony of Ellen who swore "knowingly and wilfully falsely" must be corroborated by circumstances and unimpeached evidence sufficient to "convince the jury that the evidence is true." Ellen swore on direct examination, later repudiated by him, that he and the defendant Zinnerman set up the still and made the whisky; that the defendant brought them out there in his car; that they ran it off and put it in a barrel and then in cans, and took the cans up to the pasture fence and hid them in the straw. Campbell testified that at Ellen's direction he took two loads of sugar to the still; that Ellen left him a gallon of whisky in a can; and that he saw the defendant and Zinnerman loading cans of whisky from a brush pile behind the back line of his pasture onto the defendant's truck. It cannot be said as a matter of law that this was not sufficient corroboration of the facts testified to by Ellen on direct examination to convince the jury that they were true, notwithstanding the fact that Ellen later repudiated his testimony. Campbell himself was not contradicted on any material point. He stated on cross-examination, "If the

truth kills, I am ready to die; I am a preacher and supposed to tell the truth." The jury believed his testimony, and in doing so it is equally obvious that they must have believed much of Ellen's testimony on direct examination. They were entitled to believe so much of it as they were convinced by extraneous evidence to be the truth.

Counsel for the defendant contends that Campbell was himself an accomplice, and that accordingly his testimony would have to be corroborated. Assuming this to be true, his testimony is corroborated by the testimony of Ellen. While it is true also that Ellen was successfully impeached and must for this additional reason be corroborated, yet the corroborative testimony of Campbell, as we have pointed out, is sufficient to support the testimony of Ellen, it having met the requirement that it be sufficient to convince the jury that the testimony is true. It is well settled that one accomplice may corroborate another. *Pope* v. *State*, 171 *Ga.* 655 (156 S. E. 599). Therefore, assuming that both Campbell and Ellen are accomplices, the testimony of each corroborates the testimony of the other. In the case of Campbell the testimony of Ellen corroborates him as the testimony of an accomplice. In the case of Ellen, the testimony of Campbell corroborates him both as the testimony of an accomplice and as the testimony of an impeached witness.

The witness Zinnerman was also impeached, it having been shown that he swore to one state of facts before the grand jury and to another state of facts before the traverse jury in the same case. His testimony before the traverse jury was favorable to the defendant in that he said that he and the defendant were not engaged in manufacturing liquor and had no connection with the still. However, he did testify that the defendant took him and the witness Ellis [Ellen] to a point in the vicinity of the place where it appears the still was found and that they gambled together on that occasion. His testimony therefore corroborates other testimony that the defendant was in that locality. This part of Zinnerman's testimony is corroborated by other testimony, and to this extent only might have been considered by the jury.

While the testimony for the State is weak and unsatisfactory,

it was nevertheless believed by the jury and is sufficient to support the conviction.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*