### 40470. COLE v. THE STATE.

RUSSELL, Judge. 1. The defendant was indicted, tried and convicted in the Superior Court of Gwinnett County for larceny of an automobile occurring in Fulton County. As to the ownership of the premises in the rear of which the vehicle was recovered, a witness testified, "Of my own personal knowledge, as far as I know, Buddy Cole lived there." On cross examination the witness further stated that his knowledge derived from what the defendant's wife had told him

and that the information was hearsay. A motion to strike the testimony was then made and overruled, and error is assigned thereon. "When a witness testifies that he knows a thing from the best of evidence, though he did not see it take place, the court may allow the examination to proceed for the purpose of ascertaining how he knows it; and when it appears that it is by hearsay, rule out the testimony." *Smith v. State*, 63 Ga. 168 (11). The court erred in overruling the motion to strike.

2. The motor vehicle which had been stolen in Atlanta on the previous day was located by officers in an area containing junked automobile bodies, motor vehicle parts, tools and acytelene torches in an open field reached by a driveway between two houses and about 200 feet from them. The automobile was found at the near end of the junk yard, according to one estimate within 50 feet of the back porch of a house in which the defendant stated to one of the witnesses that his wife and children lived, he also explaining in the same statement that they were separated, that he maintained an open automobile parts place or junk yard in the rear and that different boys also used it as a junk yard. In his statement to the jury he further stated that he and his wife separated in December, 1961, that he had been back on the premises several times to get parts; that he knew nothing about the theft until he heard that there was a warrant for his arrest, at which time he contacted the sheriff, and that he had been out of town for several days prior to this occasion. The State proved additionally that the automobile had been partially dismantled, and that an electric cord had been run from the place where it was resting to the back porch of the house in question. No other testimony as to the ownership or occupancy of either house was introduced, nor any fact connecting the defendant with the theft of the vehicle except its location on premises contended to have been occupied by him.

Where a defendant makes a statement containing both an incriminatory statement and an explanation thereof, the two must be considered together. There is no evidence at all of ownership of the premises except as contained in the statement of the defendant that he and his wife were separated

and his wife lived there. To raise the presumption that property found on given premises is that of the husband, it is necessary for the State to prove that the husband and wife reside there together. *Barron v. State,* 46 Ga. App. 829 (169 SE 323). To raise an inference of guilt of larceny from recent possession of stolen property it is necessary to prove that the property is in the possession of the defendant, which in this case means that it is located on premises under his control. Such sparse testimony as exists here indicates that the field in question was accessible to any person driving up the driveway between the two houses. When the presumption of possession depends on control of the premises, and this proof is undertaken by circumstantial evidence only, the evidence must be sufficient to nullify the contradictory hypothesis that others than the defendant had equal access. This has not been done in this case. The State having failed to prove exclusive possession of the premises, upon which it relied for conviction, the trial court erred in overruling the motion for a new trial on the general grounds.

3. Special ground 2 of the motion has been abandoned, and in view of the reversal it is unnecessary to consider the remaining grounds, one of which contends that an excerpt from the charge is without evidence to support it, and the other seeks a new trial on the basis of newly discovered evidence.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*

DECIDED APRIL 16, 1964.

*R. F. Duncan,* for plaintiff in error.
*Jack Holland, Solicitor General,* contra.