### 41834. RICHARDSON v. THE STATE.

DEEN, Judge. 1. The right to arrest a suspected person without a warrant is broader in felony than in misdemeanor cases. *Thompson v. State,* 4 Ga. App. 649 (2) (62 SE 99). It has been stated that, as to felonies but not as to misdemeanors, an officer has authority to arrest anyone of whom he has a reasonable suspicion that he has committed a felony, without waiting first to procure a warrant. *Robinson v. State,* 93 Ga. 77, 87 (18 SE 1018). What constitutes "reasonable grounds of suspicion" is generally to be determined under the facts of the individual case, but as a rule of thumb, grounds less than would be demanded to procure a warrant for search of property or arrest of person will not suffice (Worthington v. U.S., 166 F2d 557; Wrightson v. U.S., 222 F.2d 556), nor can the conclusion that the officer had reasonable grounds for suspicion be determined merely by the fact that the search was productive or the arrest supported by a subsequent trial and conviction. U. S. v. Di Re, 332 U.S. 581 (68 SC 222, 92 LE 210).

2. Flight is always a circumstance which may be shown and which a jury may take into account in determining the guilt or innocence of the accused. *Kettles v. State,* 145 Ga. 6 (88 SE 197); *Dean v. State,* 154 Ga. 533 (114 SE 809); *Smith v. State,* 106 Ga. 673 (32 SE 851, 71 ASR 286). The flight of one seeing a police officer who he has reason to think may be about to accuse him of a specific offense, even though the officer has no authority to make an arrest, and even though the suspect does not know whether or not he intends to attempt to arrest him, may be shown as indication of a sense of guilt. *Grant v. State,* 122 Ga. 740 (2) (50 SE 946).

3. City police officers discovered during the night of August 28, 1965, that a place of business had been broken into in Newnan, Ga. The owner, who was called to the store, arrived about 3 a.m. and found missing a pistol, rifle, watches, 11 pairs of pants, and a sack of pennies. Meanwhile, two county policemen, ignorant of these facts, were cruising the highway about 7 miles south of Newnan and came upon the defendant walking along the road in the opposite direction with a seaman's sack slung over his shoulder. They went on about 200 yards, then turned the car around with the intention of speaking to the man, but as they pulled up beside him the defendant attempted to flee across a field. As the officers prepared to give chase he stopped. The policemen had knowledge of several recent burglaries in the area, although not of the one here under consideration. They seized and opened the defendant's bag and, on ascertaining its contents, arrested and returned him to Newnan, where he was charged with the offense of burglary. Upon the trial the stolen goods were sought to be introduced in evidence and objection was made on the ground that the arrest and search were without probable cause.

(a) This case was tried in the same court and before the same trial judge as *Raif v. State,* 109 Ga. App. 354 (136 SE2d 169). The parties and the trial judge were well cognizant of the fact that if *Raif* is controlling here the evidence would be inadmissible. This court said in that case: "There is no authority in Georgia under which a citizen may be arrested without a warrant and held for investigation to determine if he has committed some crime merely because the person making the arrest has a suspicion that the person arrested

may have committed some then unknown crime." In *Raif* the defendants were arrested in the late morning at a railroad crossing near a shopping center, and the only things of note about them were that they were strangers to the arresting officers and that the left arm of each man was wet. These facts were held not to constitute probable cause such as to justify arrest and search without a warrant. Here, the defendant was walking along a deserted road in the early hours of the morning, carrying a large bag filled with something unknown to the officers. None of these facts taken alone or in conjunction, granting that they were unusual in time, place and manner, would be sufficient to justify the arrest and search even though the officers had further knowledge of recent burglaries and were perhaps specifically alerted to apprehend those responsible. However, before they made any effort to arrest or even question the defendant he resorted to flight. Flight in connection with other circumstances was held in Sawyer v. Brough, 239 FSupp. 898, to be sufficient to constitute probable cause for arrest without a warrant. The particular circumstances here, added together, make a very strong case for suspicion, and a weak but adequate one for probable cause to suspect that a felony had been committed by the defendant. It was not error to admit the evidence to which objection was made.

We have also noted the case of U. S. v. Mitchell, 179 FSupp. 636, in which under similar circumstances the arrest and search were held illegal as without probable cause. The distinction between the cases is that in the Mitchell case the defendant had already been arrested at the time of his flight. Here the flight preceded any arrest or interrogation and took place at the moment the defendant realized that he was an object of scrutiny by the officers.

4. The owner positively identified as his the property taken from his store on the same night it was found in the possession of the defendant, comprised of two pocket watches, a bag containing approximately 1,000 pennies, 11 pairs of pants, an obsolete side loader rifle, a pistol, and a lady's necklace. The identification was complete although the witness did not know the brand names or serial numbers of the objects. *Jordan v. State,* 119 Ga. 443 (46 SE 679); *Hobbs v. State,* 38 Ga. App. 205 (143 SE 509); *Watts v. State,* 8 Ga. App. 205 (68 SE 863); *Steele v. State,* 46 Ga. App. 674 (168

SE 908) ; *Yawn v. State*, 94 Ga. App. 400 (94 SE2d 769) ; *Dawson v. State*, 99 Ga. App. 115 (107 SE2d 847). It was not error to admit a photograph of the items in evidence over the objection that they had not been properly identified, there being testimony by the arresting officer that the objects were a true and correct pictorial representation of the merchandise which was removed from the defendant. *Hill v. State*, 201 Ga. 300 (6) (39 SE2d 675).

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED FEBRUARY 8, 1966—DECIDED FEBRUARY 18, 1966.

*John M. Wyatt*, for appellant.
*Wright Lipford, Solicitor General*, for appellee.