### 25101. BEEKS v. THE STATE.

UNDERCOFLER, Justice. The defendant was convicted of robbery by the use of an offensive weapon and sentenced to twelve years in the penitentiary. He appeals from the overruling of his motion for new trial. *Held:*

1. Enumeration of error 1 complains that the court erred in allowing the victim of the robbery to testify, over objection that the State failed to provide the defendant with a copy of the indictment and a list of witnesses after demand as required by *Code Ann.* § 27-1403. Defendant's counsel during the course of his objection makes reference to such demand but nowhere does it appear in the record that such demand

was made on the district attorney or his assistant. This court in *Green v. State*, 223 Ga. 611, 613 (157 SE2d 257), held that "it cannot be said that a request made of someone other than the solicitor general or an assistant solicitor general [now district attorneys] is a proper demand." Furthermore, upon inquiry by the court, defendant's counsel did not deny that he had discussed the case with the district attorney and his associates several times and had been orally furnished the name of this witness and the other State witnesses. The witness' name appears on the indictment handed down approximately two months before the trial along with the name of every other witness called by the State. There is no merit in this enumeration of error.

2. Enumeration of error 2 complains that the court erred in admitting testimony of incriminating statements by the defendant after he had become a suspect but before he was given the warnings required by Escobedo v. Illinois, 378 U. S. 478 (84 SC 1758, 12 LE2d 977) and Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). At a hearing apart from the jury it was shown that two City of Atlanta detectives were sent to the sheriff's office in Covington, Ga., to interview the defendant, a resident of Atlanta, who was there complaining that his automobile had been stolen by a co-defendant in this case. They brought him back to Atlanta to report the theft. During the trip he volunteered information that the night before the robbery he and the co-defendant had been "drinking" and riding around in the defendant's automobile; that the co-defendant said, "I am going to rob some place"; that the defendant kept a pistol in the automobile; that the following morning the co-defendant directed him to stop the car near the store that was robbed; that the co-defendant took the car keys and the defendant's pistol; that the co-defendant went into the store; that in about five minutes he returned with a bag, jumped into the automobile and said "let's go"; and that he was forced to drive to Covington, Ga., where the co-defendant forced him to leave the automobile. Upon arriving at the Atlanta Police Department, the defendant was placed under arrest and given the required warnings. Thereafter he repeated the same statements. At the trial the defendant was sworn and testified to essentially the same facts except for the fact that he denied he had any knowledge the co-defendant intended to commit

robbery and that he had told the Atlanta detectives the co-defendant said he was going to commit a robbery. The co-defendant plead guilty and appeared for the defendant at the trial. His testimony supported the testimony of the defendant.

The evidence shows that the defendant's statements not only were made voluntarily while recounting the circumstances surrounding the alleged theft of his car but that they were repeated after he had been given the required warnings. The trial judge properly allowed them in evidence. Miranda v. Arizona, supra. *Green v. State,* 223 Ga. 611 (2), supra. See also *Britten v. State,* 221 Ga. 97, 103 (143 SE2d 176).

3. Enumeration of error 3 complains that the State failed to prove that one Shirley Vick was bailee of the property taken as alleged in the indictment. The evidence shows that Shirley Vick was a clerk at Johnny Reb's Food Store in Fulton County, Ga., and was entrusted with company funds in the cash register. She was at the cash register when the co-defendant held her at gunpoint and directed her to place the money belonging to the store in a paper bag which he took from her and then fled. The evidence is sufficient to support the allegations of the indictment and there is no merit in this enumeration of error. *Spurlin v. State,* 222 Ga. 179, 182 (149 SE2d 315) and citations.

4. Enumeration of error 4 as argued in the defendant's brief complains of the overruling of grounds 4, 5 and 7 of the amended motion for new trial. Ground 4 has been decided in Headnote 3 above. The motion does not contain a ground 7. Ground 5 complains that the court erred in allowing the guilty plea and sentence of the co-defendant to be seen and read by the jury.

The co-defendant, when called as a witness for the defendant, testified on direct examination that he was the co-defendant, that he had entered a plea of guilty; that he was sentenced to serve 15 years; and that he was presently incarcerated. The defendant cannot complain of matters he injected into the case. See *Smith v. State,* 224 Ga. 750 (4) (164 SE2d 784). Ground 5 of the amended motion for new trial is without merit.

The other questions raised by this enumeration of error are considered abandoned since they have not been argued orally or

by brief in this court. *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305 (4) (127 SE2d 454); *Steadham v. State of Ga.,* 224 Ga. 78 (6) (159 SE2d 397).

5. Enumeration of error 5 complains that the court erred in overruling the motion for new trial on the general grounds.

The jury was authorized to find from the evidence that the co-defendant went into Johnny Reb's Food Store in Fulton County, Ga., and purchased some potato chips; that when the cashier put the money into the cash register, he had a gun in his hand and told her to put the money into a bag; that she put $188 belonging to her employer in a bag; that he took the bag, walked out of the store and then ran to a lavender and white Buick; that the Buick moved to meet him, the door opened, and he jumped into the car which rapidly left the scene. A customer in the store saw the co-defendant talking to the cashier and when the co-defendant left the store, the customer asked the cashier if she had been robbed; that he followed the car in which the co-defendant and another man were riding; that the co-defendant lay down in the seat and repeatedly raised up to see whether they were being followed; that the witness took the license number of the car and gave it to the police officers. The co-defendant testified that $140 was stolen in the robbery. A witness for the defendant testified that the defendant told him that he had lost all of his money gambling that night. One of the detectives testified that the defendant had $70 in his sock. The evidence also showed that the defendant owned the car involved in the robbery and was driving it when the co-defendant robbed the store. There is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 10, 1969—DECIDED MARCH 20, 1969.

*Ariel V. Conlin,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, W. R. Childers, Deputy Assistant Attorney General,* for appellee.