### 45832. SMITH v. THE STATE.

270

Argued January 4, 1971—Decided February 5, 1971.

*Davis & Davidson, Jack S. Davidson, Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr.,* for appellant.

*Nat Hancock, District Attorney,* for appellee.

Deen, Judge. ■ The testimony elicited from the State's witness Cleghorn is to the effect that he had occasion to talk with the three co-defendants in the jail after their arrest; that he advised them of their rights; that thereafter the younger Smith boy freely and voluntarily made a statement that he and the other defendants had gone into five or six places during that afternoon, including the Jarrett home and the homes of other named persons. On cross examination, Cleghorn was not interrogated as to the details of the alleged statement, but he was questioned by counsel as to whether such statement was oral or in writing, whether the witness had not positively testified in a former case that he got no statement from any of the defendants, and whether the statement was made in the presence of the defendant. To the last question the response was negative. Thereafter, counsel moved to rule out

all testimony relating to the statement of the co-defendant and the court overruled the motion.

(a) The admission of the testimony was error. "The testimony of an investigating officer concerning the in-custody narration of past events by a person shown by the evidence to have been a conspirator with the accused . . . made after police officers had apprehended the accused, the narrator and their companion, and had thus effectively terminated the conspiracy, where the narration is not shown as made in the presence of the accused, was inadmissible hearsay, and it was prejudicial error to allow the jury to consider such testimony." *Green v. State,* 115 Ga. App. 685 (2) (155 SE2d 655).

(b) A motion to rule out testimony illegally admitted, even without objection, is never too late until the cause is finally submitted to the jury. *Blount v. Beall,* 95 Ga. 182 (4) (22 SE 52); *McCalman v. State,* 121 Ga. 491 (49 SE 609). These cases are cited in *Rushin v. State,* 63 Ga. App. 646, 647 (11 SE2d 844) which, on a state of facts very similar to the one here, pointed out that: "There is a distinction between illegal testimony and secondary evidence. Hearsay testimony (illegal testimony) has no probative force whatever, and its only effect is to prejudice the minds of the jury against the party against whom such hearsay evidence is introduced," and, this being so, the question of waiver by failing to file a timely objection does not arise. See also *Cole v. State,* 109 Ga. App. 576 (1) (136 SE2d 483). Nor can we hold the error harmless because counsel also questioned the witness, not about the contents of the statement, but about whether or not he had sworn to the contrary in another case as to whether he received any statement at all. This is not the same thing as introducing other evidence, or failing to object to other evidence, which proves the same facts as the evidence objected to. Here, the attorney was trying to establish a contrary set of facts. Further, the fact that the defendant was not present at the time his brother's statement was taken did not appear until it came out in the course of the cross examination. The trial court erred in permitting hearsay statements of the contents of a confession made by an accomplice of the defendant not on trial and not present to testify in the case. "While the uncorroborated testimony of an accomplice is in-

sufficient to convict, such testimony is sufficient when corroborated by the testimony of another accomplice connecting the defendant with the offense and tending to show his guilt." *Crowe v. State,* 83 Ga. App. 325 (b) (63 SE2d 682); *Slaughter v. State,* 99 Ga. App. 239 (108 SE2d 161). We are not passing on the enumerations of error regarding the sufficiency of facts necessary to corroborate the testimony of the witness Dalton, the third co-defendant, because it is not known what the evidence will be on the next trial, but it is obvious that the testimony of two co-conspirators, if legally before the jury, is sufficient for conviction without further search for corroborative material. This alone shows the prejudicial effect of the admission of the hearsay testimony.

■ *Code Ann.* § 27-1403 as amended by Ga. L. 1966, pp. 430, 431, provides that if the defendant prior to arraignment demands a list of the witnesses on whose testimony the charge against him is founded, no witness (with certain exceptions) whose name is not furnished shall be allowed to testify. Every case relying on the Act so far has been found to come under an exception thereto. The demand must be made to the solicitor or his assistant. *Green v. State,* 223 Ga. 611, 613 (157 SE2d 257); *Beeks v. State,* 225 Ga. 200 (1) (167 SE2d 156). It must be timely. *Prather v. State,* 223 Ga. 721 (157 SE2d 734); *Jones v. State,* 224 Ga. 283 (161 SE2d 302); *Green v. State,* supra. The error may in any event prove to be harmless. *Huffaker v. State,* 119 Ga. App. 742 (168 SE2d 895). It may have to be in writing, as indicated in *Johnson v. State,* 121 Ga. App. 281 (173 SE2d 412). And it may be waived. In *Jones v. State,* 224 Ga. 283, 286, supra, it was held: "But even if such demand came before arraignment when the time came for arraignment the defendant and his attorney signed a written waiver of arraignment and of such list of witnesses." Examination of the record in the *Jones* case shows that the original demand was in writing but that the waiver of arraignment, list of witnesses, etc., which is printed on the indictment forms immediately before the plea and signature was not crossed out. The same situation occurred in *Hunsinger v. State,* 225 Ga. 426 (4) (169 SE2d 286) and in *Parr v. State,* 117 Ga. App. 484 (1) (160 SE2d 865). In this case no demand for the list of witnesses appears in the record and it must be assumed that it was not in writing; the indictment con-

tains a plea of not guilty containing a waiver of arraignment, copy of indictment and list of witnesses sworn before the grand jury, signed by defendant's attorney. Compliance with the demand for a list of witnesses was accordingly waived.

The trial court erred in denying appellant a new trial.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*