## 27742. SCOTT v. THE STATE.

UNDERCOFLER, Justice. Troy Scott was convicted of murder on two counts and was sentenced to death on each count. He filed an amended motion for new trial.

The trial court granted a new trial on the death sentence portion of the judgment and denied a new trial on the verdict of guilty. The defendant appeals to this court. *Held:*

1. The appellant contends that it was error for the trial court to permit Louis Beard to testify as a witness over his objection when he was not on the list of witnesses furnished to him, and for this reason his motion for new trial should be granted.

The record shows that the assistant district attorney stated in his place that he had heard about the witness "yesterday for the first time after the trial started and immediately upon hearing about him, I furnished his name to Mr. Hubble, so I would state in my place that I did not know of this witness at the time I furnished a list of witnesses and his name did not appear on the police investigation that was furnished to me, report of the investigation."

Detective W. O. Allen testified that the officer who had talked to this witness on the day of the murders had been removed from the investigation; that he had obtained the file on the case and taken over the investigation only the week before the trial started; that the list of witnesses had not been communicated to him but that he heard there was a white man who knew something about the case and in checking the police department file found a slip of paper with the witness's name on it; and that he finally located the witness on Saturday before the trial began on Monday; and, that he gave the name of the witness to the prosecuting attorney on that Monday.

The appellant argues that the officers who originally investigated the case knew about this witness and that their knowledge was imputable to the prosecuting attorney. There is no merit in this contention. In *Evans v. State,* 227 Ga. 571 (3) (181 SE2d 845), this court held that the knowledge of police officers who knew about

two witnesses shortly after the crime because of their investigation of the case was not imputable to the district attorney. Also, in this connection, see *Yeomans v. State,* 229 Ga. 488 (2) (192 SE2d 362).

2. The Attorney General of Georgia has moved to dismiss the appeal in this case because it is premature. He argues that the trial court has granted the motion for new trial on the sentence portion of the trial and therefore the case is still pending in the court below.

In *Sullivan v. State,* 229 Ga. 731 (194 SE2d 410), this court in compliance with the mandate of the Supreme Court of the United States in that case and the other cases therein listed, affirmed the judgments of convictions in those cases and directed the presiding judge in each of the trial courts involved to "enter a judgment sentencing the defendant to be imprisoned for the balance of his life, this being the only lawful sentence which may be entered upon the conviction and finding of the jury that the defendant should receive the maximum sentence permitted by law. Under decisions exemplified by *Fowler v. Grimes,* 198 Ga. 84, 92 (31 SE2d 174), it is not necessary that the defendant be present in open court or represented by counsel. However, direction is given that each defendant and his counsel of record be served with a copy of the life sentence within five days from the date of entry."

The motion to dismiss the appeal because the matter of sentence is still pending in the trial court is, therefore, denied. The trial court is directed to impose a life sentence in this case according to the ruling in *Sullivan v. State,* 229 Ga. 731, 732, supra.

*Judgment affirmed with direction. All the Justices concur, except Gunter, J., who dissents.*

ARGUED FEBRUARY 12, 1973 — DECIDED APRIL 13, 1973.

*Herndon & Hubble, John W. Hubble, Jr.,* for appellant. *Walker P. Johnson, Jr., District Attorney, Arthur K.*

*Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Thomas W. Greene, Assistant Attorneys General,* for appellee.

GUNTER, Justice, dissenting. I disagree with the majority decision in this case on two counts.

First, the Attorney General has made a motion in this court to dismiss the appeal as premature. Under our two-step procedure in felony cases in this State, the jury rendered a verdict of guilty of murder and then imposed the death penalty. A motion for new trial was made and granted by the trial judge with respect to the penalty or sentence imposed by the jury. A retrial was ordered for the penalty phase of the case. Under our law the jury must impose the sentence in felony cases. That has not been done in this case, and there is therefore no appealable judgment.

A judgment is appealable if it is final, that is to say, where the cause is no longer pending in the court below. Code Ann., § 6-701 (a) (1).

Code Ann. § 6-802 provides that in a criminal case if the appeal be from a judgment of conviction the notice of appeal must contain "a brief statement of the offense and the punishment prescribed."

In this felony case a jury has not yet imposed a sentence, and the appeal is, in my opinion, premature. I would grant the motion to dismiss.

Second, I do not agree with all that is said in Division One of the majority opinion. I do not agree with the ruling that knowledge by law enforcement officers of witnesses who can and will be used against an accused on the trial of his case is not imputable to the district attorney. I dissented in *Yeomans v. State,* 229 Ga. 488 (192 SE2d 362) (1972). Also, I think that the ruling in *Evans v. State,* 227 Ga. 571, 576, supra, is not a basis for a hard and fast rule as to what is imputed to the district attorney, because in that case the district attorney had disclosed to counsel for

the accused the names of the newly discovered witnesses more than two weeks before the trial.

In the instant case the name of the witness Beard was not given to counsel for the accused in response to the written demand provided for in Code Ann. § 27-1403. Shortly before arraignment this witness' name was given to counsel for the accused by the district attorney; counsel for the accused then made a motion for a continuance to investigate the "newly discovered" witness; and the motion for a continuance was denied by the trial court. Arraignment followed, the trial began, and the witness Beard was allowed to testify for the state over the objection of the accused. The record discloses that the witness Beard had been interviewed by law enforcement officers shortly after the commission of the crime and that his name had been in the file along with other witnesses that were used for several months. The district attorney stated in his place that he had no personal knowledge of this witness Beard until shortly before arraignment when he notified appellant's counsel that the state would use this witness.

It seems to me that permitting the state to use the witness Beard, under the circumstances here related, evades the purpose of Code Ann. § 27-1403, and such evasion militates against a *fair trial for the accused.*

This Code section enacted in 1966, provides that "no witness shall be permitted to testify for the State whose name does not appear upon the list of witnesses as furnished to the defendant unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly discovered evidence which *the State* was not aware of at the time of its furnishing the defendant with a list of the witnesses."

The witness Beard in this case was an eyewitness to the crime. The purpose of the statute is to permit counsel for an accused to investigate witnesses that will be used against the accused on the trial of the case. Under the

facts contained in the record, I think that the court should have granted a continuance for the purpose of permitting this investigation, or the witness should not have been allowed to testify. In any event, I would not lay down a hard and fast rule that knowledge of witnesses to be used by the state is not imputed to the district attorney.

As the Court of Appeals of Georgia said in *Smith v. State,* 123 Ga. App. 269, 272 (180 SE2d 556), "every case relying on the Act (Code Ann. § 27-1403) so far has been found to come under an exception thereto." I think it is time to stop allowing exceptions to the statute and make it an instrument for insuring a fair trial for an accused.

I respectfully dissent.