## 56277. BURNS v. THE STATE.

Deen, Presiding Judge.

Herbert E. Burns was indicted for theft by taking and theft by receiving stolen property. He was tried by a jury and convicted on the second count and received a ten-year sentence; five years to be served in a state penitentiary and five years on probation. He was also fined $750 to be paid during the term of probation.

1. He contends that the trial court erred in allowing the testimony of a state's witness over his objection because the witness' name was not furnished along with the list supplied by the state at the time of arraignment and that the trial court erred in ruling that the phrase "on demand" as it is contained in Code Ann. § 27-1403 means that the demand must be in writing.

Demand for a list of witnesses must be made by the defendant before arraignment. Code Ann. § 27-1403,

*Lashley v. State,* 132 Ga. App. 427 (208 SE2d 200) (1974). It must be made to the district attorney or an assistant district attorney, *Beeks v. State,* 225 Ga. 200 (167 SE2d 156) (1969). In the present case, the district attorney denies that a demand was made and no written demand appears in the record. The record, however, does reveal an indictment containing a plea of not guilty and a written signed waiver of arraignment, a copy of the indictment, and list of witnesses. Although recent case law requires a written demand, *Baker v. State,* 143 Ga. App. 302 (238 SE2d 241) (1977), it is well established that an oral demand is ineffective where the demand is thereafter waived in writing. *Smith v. State,* 123 Ga. App. 269 (180 SE2d 556) (1971). A waiver signed by defense counsel and appellant forecloses the issue. *Page v. State,* 237 Ga. 20 (227 SE2d 8) (1976).

2. Appellant asserts error in the trial court's instruction to prospective witnesses at trial that they were not to discuss their testimony with anyone other than the attorney who subpoenaed them. As appellant did not object to the court's instruction, he cannot raise it for the first time on appeal. Moreover, he has not shown how this instruction injured him or why he could not subpoena the witnesses on his own behalf.

3. An examination of the records reveals ample evidence to support the jury verdict. Appellant was approached by a stranger who wanted to sell a trailer that was less than five months old for one-half its original value. The stranger did not have title or a license tag and the serial numbers on the vehicle had been removed. Appellant was unable to produce a bill of sale. Although he testified that he knew his seller's name and address, appellant did not produce him to testify on his behalf at trial. Further evidence showed that the tag receipts for the trailer bore the serial number of a mobile home in Americus, Georgia.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 11, 1978 — DECIDED OCTOBER 5, 1978.

*Spence, Garrett & Spence, D. William Garrett, Jr.,* for

appellant.

*Frank C. Mills, III, District Attorney, William Pardue, Assistant District Attorney,* for appellee.