## 65730. JACKSON v. THE STATE.

McMurray, Presiding Judge.

Defendant and another were indicted and tried for the offense of theft by taking, the same being the property of another, being a safe with a value greater than $200. The co-defendant moved to sever but same was denied. Thereafter, this defendant was found guilty and the co-defendant was acquitted. Defendant appeals his conviction and sentence. *Held:*

1. The trial court did not err in refusing to sever the trial of the co-defendant. We note here that this defendant failed to file a written motion to sever and only the co-defendant who was acquitted made such a motion. He presumably argues that the court should have severed on its own motion or is seeking to rely on the motion filed by the counsel for the co-defendant who was acquitted. It is true that testimony was adverse in that the co-defendant contended he knew nothing of the theft during his shift as a security guard until a burglary of the building was disclosed. The defendant and co-defendant were employees of the business. This defendant was employed as a heavy equipment operator loading trucks and both knew each other. The safe weighed approximately 173 pounds requiring at least two persons to lift same into the trunk of defendant's automobile where it was later found when he was arrested for driving under the influence of intoxicants. This defendant's defense was that he had bought the safe from the co-defendant for $10, hence the mere fact that his defenses are antagonistic is not sufficient in itself to warrant separate trials. See *Cain v. State,* 235 Ga. 128, 129-131 (218 SE2d 856), for no harm or prejudice has been shown. The grant or denial of a motion to sever is left to the sole discretion of the trial court and will only be reversed for an abuse of discretion. We find no such abuse here. See *Baker v. State,* 238 Ga. 389, 391 (2) (233 SE2d 347). There is no merit in this complaint.

2. Defendant next contends it was error to allow a state's witness not shown on the list of witnesses to testify against him. However, a demand for a list of witnesses must be in writing and served upon the district attorney. OCGA § 17-7-110 (formerly Code Ann. § 27-1403 (Ga. L. 1966, pp. 430, 431)); *Jackson v. State,* 235 Ga. 857, 858 (1) (221 SE2d 605); *Burns v. State,* 147 Ga. App. 429 (1) (249 SE2d 145); *Beeks v. State,* 225 Ga. 200 (1) (167 SE2d 156). The record here also discloses that the defendant waived formal arraignment, copy of the bill of indictment and list of witnesses and entered his plea of not guilty. This constituted a waiver of compliance with a demand for a list of witnesses whether same was made orally. See

*Brooks v. State,* 227 Ga. 339 (1) (180 SE2d 721); *Smith v. State,* 123 Ga. App. 269, 270 (2) (180 SE2d 556). Further, even if this witness was not excluded in error, a directed verdict of acquittal would not be demanded. Compare *Haynes v. State,* 245 Ga. 817 (268 SE2d 325). Further, there was no objection to this witness' testimony, and a party cannot sit idly by and ignore what appears to him to be an injustice in the hope of a favorable verdict and then complain when those hopes are denied him by an unfavorable one. See *Strozier v. State,* 231 Ga. 140, 141 (1) (200 SE2d 762). This enumeration of error is not meritorious.

3. Defendant next contends there was a fatal variance between the allegata and probata in that he was indicted for theft by taking of the safe with a value greater than $200 and the value of the safe was not proven. The testimony against him with reference to value involved the contents of the safe, the company's cash receipts ($688.42) and petty cash ($300). A theft of more than $200 was shown regardless of the value of the safe. Under *De Palma v. State,* 225 Ga. 465, 469 (169 SE2d 801), there has been no fatal variance between the allegata and probata in the case sub judice since in order for this . principle to apply a defendant has to be taken by surprise by the evidence and is not protected against another prosecution for the same offense. Here the defendant admitted to the dominion and control of the contents of the safe when he allegedly purchased it for $10. See *Painter v. State,* 237 Ga. 30, 34 (226 SE2d 578). There is no merit in this complaint.

4. The defendant was properly notified during the pre-sentencing phase of the trial that the state intended to present certified copies of two prior felony convictions. It was not necessary that the state serve him in this notice with certified copies of these convictions as the information given was sufficient under *Franklin v. State,* 245 Ga. 141, 149 (5) (263 SE2d 666). We find no merit in this complaint.

5. There is no merit in defendant's complaint that the trial court erred in failing to grant a directed verdict of acquittal after the presentation of the state's case. The state's evidence was not wholly circumstantial and was not wholly dependent upon the defendant's possession of the stolen property. He was arrested with the stolen property in his possession later on the same day after the theft took place. He stated he had purchased the safe from the co-defendant for $10 admitting that he had seen a safe countless times in the company office and that if he had not been "drunk" he should have known it was stolen. There was evidence that the safe required a minimum of two people to lift it, and the defendant admitted it was heavy and he helped lift it into his automobile. He had tried to open the safe with a

crowbar at the business to assure the co-defendant that he only took his share, indicating full knowledge of its contents. See *Warfle v. State,* 157 Ga. App. 196 (276 SE2d 689). The evidence did not demand a verdict of acquittal. See *Muhammad v. State,* 243 Ga. 404, 406-407 (2) (254 SE2d 356); *Hendrix v. State,* 153 Ga. App. 791 (1) (266 SE2d 568).

Our review of the transcript and record shows that a rational trier of fact (the jury in this case) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of theft by taking. See *Rachel v. State,* 247 Ga. 130, 132 (1) (274 SE2d 475); *Mullis v. State,* 248 Ga. 338 (1) (282 SE2d 334); *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175), and cases cited. The evidence was ample to support the verdict.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 7, 1983.

*Dennis T. Still,* for appellant.
*W. Bryant Huff,* District Attorney, *Genevieve L. Frazier, Assistant District Attorney,* for appellee.