## 77653. SEXTON v. THE STATE.
### (374 SE2d 824)

DEEN, Presiding Judge.

The appellant, Tony Sexton, was convicted of aggravated child molestation of his five-year-old daughter. We affirm the conviction.

Several times over the course of the 1984-85 school year, the victim's kindergarten teacher noticed an odor of semen about the victim, who frequently complained that she was dirty and needed to go wash herself. Because of cumulative concerns about the child, the teacher eventually informed a deputy with the Murray County Sheriff's Department. An investigation ensued, following which both the appellant and his wife were arrested.

At trial, the child victim testified about three separate occasions where the appellant had intercourse with her and had placed his penis in her mouth. A physician who examined the child found no hymenal tissue, and a stricture, or narrowing caused by trauma, of the child's vaginal tissue which was consistent with having intercourse at that age. The appellant's wife also testified on behalf of the State, and in exchange for such testimony, the charges against her were nolle prossed. *Held*:

1. The appellant contends that the trial court erred in allowing the appellant's wife to testify, because the State did not include her name on the list of witnesses. Conceding that no written demand for a list of witnesses was ever made, the appellant nevertheless asserts that nothing in OCGA § 17-7-110 or the applicable case law requires that a demand for a list of witnesses be in writing. This court, however, has held otherwise. *Jackson v. State*, 166 Ga. App. 252 (305 SE2d 4) (1983); *Burns v. State*, 147 Ga. App. 429 (249 SE2d 145) (1978). As there was no written demand for a list of witnesses, there was no error in allowing the appellant's wife to testify.

2. The day after the jury was impanelled, counsel for the appellant orally objected to the jury list having been "rearranged" so that potential jurors who had not yet served on a jury would be more likely to be selected than potential jurors who had already served. Under OCGA § 15-12-162, a challenge to the jury array must be in writing. *Smith v. State*, 151 Ga. App. 697 (261 SE2d 439) (1979). The requisite written challenge not having been filed, we do not consider this issue on appeal.

3. The appellant also contends that the trial court erred in allowing the jury to rehear the testimony of the victim and the appellant. " 'Whether or not to grant the jury's request to rehear portions

of the evidence is within the discretion of the trial judge. [Cits.]' *Morris v. State*, 254 Ga. 273 (2) (328 SE2d 547) (1985). On appeal, the burden is on appellant to show that 'special circumstances which might work an injustice' were present, making the trial court's decision to replay the testimony an abuse of discretion. [Cit.]" *Lumpkin v. State*, 182 Ga. App. 505, 506 (356 SE2d 238) (1987). The fact that the jury reheard the entire testimony of the victim and the appellant did not constitute a special circumstance that might work an injustice in this case.

4. The evidence was sufficient to authorize a rational trier of fact to find the appellant guilty of aggravated child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 24, 1988.

*S. Fenn Little, Jr.*, for appellant.

*Jack O. Partain III, District Attorney, Kermit D. McManus, Assistant District Attorney*, for appellee.