A89A0129. RONSKOWSKY v. THE STATE.
(378 SE2d 185)

BANKE, Presiding Judge.

Ronskowsky appeals his conviction of driving under the influence of alcohol. *Held*:

1. The appellant contends that the trial court erred in failing to exclude the testimony of a prosecution witness whose name had not

been supplied to him prior to the commencement of trial. The record reveals that the appellant did not submit a written demand for a list of witnesses pursuant to OCGA § 17-7-110 but merely made a verbal request for such a list at the arraignment, at which time the existing list was provided to him. It was further shown, however, that the prosecution added a name to its witness list approximately five days prior to trial without notifying the appellant. When counsel for the appellant brought the matter to the court's attention after learning of it during the voir dire proceedings, the court responded that he would be allowed ample opportunity to interview the witness; and, a recess was later called for that purpose.

To be binding under OCGA § 17-7-110, a demand for a list of witnesses must be made in writing. See *Jackson v. State*, 166 Ga. App. 252 (2) (305 SE2d 4) (1983). Moreover, even if a valid written demand has been filed, "when the trial court has allowed the defendant an opportunity to interview 'unlisted' witnesses, . . . the purpose of the statute has been satisfied. . . ." *White v. State*, 253 Ga. 106 (3) (317 SE2d 196) (1984). Accordingly, this enumeration of error is wholly without merit.

2. The appellant contends that the state failed to establish a proper foundation for the introduction of testimony regarding the results of an "alco-sensor" test which had been administered to him at the time of his arrest. We disagree. Prior to resting its case, the state introduced into evidence a document certifying that the device at issue had been approved for use in Georgia by the GBI's Division of Forensic Sciences. In *Turrentine v. State*, 176 Ga. App. 145 (1) (335 SE2d 630) (1985), it was held that a proper foundation for the introduction of the results of an alco-sensor screening test is established by such evidence. It follows that the trial court did not err in admitting the results of the test.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 1, 1989.

*Elliott A. Shoenthal, Brian W. Wertheim*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Cliff Howard, N. Jackson Cotney, Jr., Assistant Solicitors*, for appellee.