A96A1547. AMAN v. THE STATE.
(477 SE2d 431)

BEASLEY, Chief Judge.

Following the denial of his motion for new trial, Aman appeals his convictions of driving under the influence (OCGA § 40-6-391 (a) (1)) and improper lane change (OCGA § 40-6-48).

Lieutenant Green, Commander of the Fulton County Police Department's DUI task force, was patrolling I-285 in the early morning hours of May 7, 1994. He stopped a car driven by Aman after observing it weave repeatedly in and out of its lane and almost strike another vehicle. Aman was unsteady as he walked, his eyes were

---

[2] The profession of physical therapy is governed by OCGA §§ 43-33-1 to 43-33-20.

bloodshot, his face was flushed, and the odor of an alcoholic beverage emanated from him and the interior of the car. Green asked Aman to submit to several field sobriety tests which he did not perform successfully. Green also asked Aman to blow into an alco-sensor device, which gave a positive reading for the presence of alcohol. Aman was then arrested.

1. Aman contends that the trial court erred in admitting evidence of the alco-sensor in the absence of a proper foundation.

In order for the results of an initial screening device such as an alco-sensor to be admissible in evidence, the State must show that the device is of a design approved by the Director of the Division of Forensic Sciences (DFS) of the Georgia Bureau of Investigation (GBI). *Ronskowsky v. State*, 190 Ga. App. 147, 148 (2) (378 SE2d 185) (1989); *Turrentine v. State*, 176 Ga. App. 145 (1) (335 SE2d 630) (1985); *Channell v. State*, 172 Ga. App. 156 (322 SE2d 356) (1984).

Prior to the impaneling of the jury, Aman raised the issue of whether the State was going to lay a foundation for admission of the alco-sensor test results. He argued that this must be accomplished through a document certifying that the device has been approved for use in Georgia by the DFS, as in *Turrentine* and *Ronskowsky*, or through a witness employed by the DFS or GBI. Aman objected to any attempt by the State to supply the foundation through the testimony of the arresting officer. The court overruled that objection, and the results of the alco-sensor test were admitted after the arresting officer testified that the device he used was of the requisite approved design.

The court did not err. A witness may testify to facts about which he has personal knowledge, which the officer did. See *Tidwell v. State*, 219 Ga. App. 233, 237 (3) (464 SE2d 834) (1995).

2. Aman contends that the court erred in denying his motion for mistrial after making allegedly improper and prejudicial comments in the presence of the jury concerning defense counsel's questioning of the arresting officer.

During defense counsel's cross-examination of the arresting officer, counsel posed certain questions even though the court had previously sustained objections which prohibited the asking of the questions. After counsel posed a question to which an objection was sustained, the court admonished him for asking improper questions. Counsel moved for a mistrial on the ground that it was improper for the court to have characterized his questions as improper. The court denied the motion.

Aman argues, without merit, that the judge's comment constituted an expression or intimation of opinion as to what had or had not been proved, in violation of OCGA § 17-8-57. " 'The rule which prohibits an expression or intimation of opinion by the trial court "as

to what has or has not been proved," OCGA § 17-8-57, "does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence. (Cits.)" (Cit.) [Cit.] " *Adams v. State*, 264 Ga. 71, 76 (7) (440 SE2d 639) (1994).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 23, 1996 — 

*William C. Head*, for appellant.

*Paul L. Howard, Jr., Solicitor, Rhonda L. Brodsky, Deborah W. Espy, Cynthia G. Strong-McCarthy, Assistant Solicitors*, for appellee.