A90A2182. MORGAN v. THE STATE.
(399 SE2d 578)

DEEN, Presiding Judge.

Appellant and a co-defendant not a party to this appeal were arrested in December of 1988 and charged with the armed robbery of a taxi driver. Appellant was also charged with possession of a firearm by a convicted felon. A DeKalb County jury found him guilty on both counts, and he received concurrent 20-year and five-year sentences. After denial of his motion for new trial, Morgan appeals to this court, enumerating as error the sufficiency of the evidence and the trial court's denial of his motion to suppress the identification. *Held*:

1. Addressing first the assertion that the one-on-one show-up was impermissibly suggestive, we learn from the record that two men answering generally to the description of appellant and his co-defendant entered a taxi and, after a fairly extended ride, robbed the driver at gunpoint. The driver testified that, because he was aware of the current high incidence of taxi robberies, he had looked carefully at the faces of the two passengers both before and during the robbery.

After the robbery the driver alerted the dispatcher, who called the police, to whom the driver described the robbers; he also gave this information to a number of cab drivers. Nearly one month later, on January 9, 1989, a driver who had learned of the incident picked up appellant and his co-defendant and, noticing that they fit the descrip-

tion of the men wanted, he dropped them at their destination and alerted other drivers, one of whom located a police officer, who hurried to the scene and questioned the two. The driver involved in the December 1988 incident was summoned to the scene, and he positively identified both. They were then arrested. Appellant was tried and found guilty on both counts, the trial court ruling that the pair had been properly detained by police but finding the identification procedure impermissibly suggestive. The court then adverted to the analysis set forth in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), and concluded that in the instant case, as in *Biggers*, the totality of the circumstances rendered the identification reliable. See *Killens v. State*, 184 Ga. App. 717 (362 SE2d 425) (1987).

Determination of whether a challenged pretrial identification must be suppressed requires a two-step analysis: first, it must be determined whether the identification procedure was impermissibly suggestive. If the inquiry is answered in the affirmative, then it must be determined whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification, with ensuing harm. *Payne v. State*, 233 Ga. 294 (210 SE2d 775) (1974). "[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil v. Biggers*, supra at 199-200.

The record in the instant case indicates that the identification process met the *Biggers* criteria and authorized the trial court's ruling. The driver testified that he had had ample time to observe the witnesses and had made an affirmative effort to scrutinize their appearance. According to the record, the driver unhesitatingly and positively identified appellant both when he was apprehended (only 25 days after the robbery) and four months later, at trial. The driver further testified that the latter identification was based on his recollection of appellant's appearance at the time of the robbery and not at the show-up. Although there were certain lacunae and discrepancies in the physical description of the robbers, the trial court, considering the totality of the circumstances, was satisfied that no misidentification had occurred.

In a hearing on a motion to suppress, "findings of fact and of credibility . . . are for the trial court and should not be set aside unless clearly erroneous." *Carter v. State*, 192 Ga. App. 726, 727 (386 SE2d 389) (1989). We find in the instant case that there was no error in the trial court's conclusion or in the verdict of the jurors, who, as rational triers of fact, were authorized by the evidence to find appel-

lant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Turning to the other enumeration of error, we find no merit in the contention that the detention of appellant was an illegal arrest and therefore grounds for granting his motion to suppress. As indicated in Division 1, supra, the driver who had transported the suspects in December, being intensely aware of the large number of taxi robberies, had taken special pains to note their appearances and to disseminate this information to other drivers. Thus, although the police officer who detained appellant lacked probable cause at the time he first came upon the scene, he had reasonable, articulable grounds, consisting of the second driver's recollection of the publicized descriptions, to suspect that appellant and his co-defendant had committed a crime.

" 'It is clear that in cases where there are some reasonable articulable grounds for suspicion, the state's interest in the maintenance of community peace and security outweigh the momentary inconvenience and indignity of investigatory detention.' [Cit.] It is also clear that what is a 'reasonable articulable ground' for the detention may be less than probable cause to make an arrest or conduct a search. . . ." *Allen v. State*, 140 Ga. App. 828, 830 (232 SE2d 250) (1976); quoted in *Williams v. State*, 188 Ga. App. 496 (373 SE2d 281) (1988); accord *Baxter v. State*, 188 Ga. App. 598 (373 SE2d 834) (1988). In the instant case the officer clearly had a reasonable and articulable ground for a brief detention; the incident lasted between 15 and 30 minutes. A fortiori the detention was reasonable when the officer learned, only minutes after his arrival, that the driver in the December incident was at that moment en route to the scene. Upon the latter's arrival and positive identifications of the suspects, there of course existed an abundance of probable cause.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED NOVEMBER 30, 1990.

*John H. Tarpley*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, John H. Petrey, Robert M. Coker, Assistant District Attorneys*, for appellee.