A94A2014. STINSON v. THE STATE.
(449 SE2d 544)

McMURRAY, Presiding Judge.

Defendant Stinson appeals his convictions of the offenses of armed robbery and kidnapping. *Held:*

1. Defendant and co-defendant Darrell Shy rented a room in the home of Sherline Collins and Curtis Collins but failed to pay any rent. Curtis Collins evicted defendant and Shy who returned later the same day with an unidentified third companion. After some argument, Shy and the unidentified third person became involved in a fight with Curtis Collins who was struck about the head with brass knuckles and his wallet taken. Meanwhile, defendant forced Sherline Collins into another room of the house where she was bound, gagged, and hit about the face.

Defendant's first enumeration of error complains of ineffective

representation by trial counsel in that he did not fully develop evidence concerning Sherline Collins' initial description of the crime to police. We should first note that no evidence was developed, even during the hearing on defendant's motion for new trial complaining of the alleged ineffective representation, concerning the substance of this initial statement by Sherline Collins. Nonetheless, the substance of the missing statement may be inferred from defendant's trial counsel's question to Sherline Collins at trial as to whether she remembered telling the investigating detective that it was Shy who had tied her up and hit her. Sherline Collins disavowed any recollection of this and other early statements to police, noting that she had had seizures and did not remember. While defendant maintains that further pursuit of this issue by trial counsel may have diminished the credibility of Sherline Collins so as to increase the possibility of an acquittal of defendant, this seems highly speculative since the statement which defendant would now emphasize is also inculpatory. Despite whatever physical maladies were suffered by the victims, including Curtis Collins' poor eyesight and Sherline Collins' memory problems, they both testified unequivocally concerning the crimes perpetrated upon them as well as the presence and participation of defendant. Additionally, defendant made inculpatory admissions to police shortly after the crimes. Under these circumstances the decision to abandon further inquiries concerning the early statements to police must be viewed as one within the proper scope of an attorney's discretion concerning trial strategy. In any event, we believe it is most unlikely that a different choice on this issue would have altered the jury's verdict. The defendant having failed to show that counsel's performance was deficient or that deficient performance by trial counsel prejudiced the defense, we find no merit in defendant's contention that he was denied effective assistance of counsel at trial. *Smith v. Francis*, 253 Ga. 782 (1), 783 (325 SE2d 362).

2. In defendant's remaining enumeration of error, he maintains that the trial court erred in charging the jury on conspiracy since conspiracy was not charged in the indictment. " 'Even though a conspiracy is not charged in the indictment, the jury charge is not incorrect where the evidence supports it. *Spencer v. State*, 180 Ga. App. 498 (349 SE2d 513) ((1986)).' *Sabree v. State*, 195 Ga. App. 135, 138 (7) (392 SE2d 886) (1990)." *Bradford v. State*, 202 Ga. App. 724 (1), 725 (415 SE2d 697). " 'Slight evidence will justify a charge even where the preponderance of the evidence tends to show the non-existence of such a fact. (Cit.) A conspiracy may be reflected by inference arising from a deduction from acts and conduct showing a common design to act together for the accomplishment of an unlawful purpose. (Cit.)' *Camp v. State*, 181 Ga. App. 714, 717 (3) (353 SE2d 832) (1987)." *Hicks v. State*, 195 Ga. App. 887, 889 (2) (395 SE2d 341). The evi-

dence introduced at trial supported an inference of a conspiracy. The trial court did not err in charging on conspiracy.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 20, 1994.

*William A. Dowell,* for appellant.

*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney,* for appellee.