A95A0444. PUGH v. THE STATE.
(454 SE2d 538)

BLACKBURN, Judge.

The appellant, Reginald Regal Pugh, appeals his conviction of trafficking more than 400 grams of cocaine in violation of the Georgia Controlled Substances Act.

1. Initially, Pugh maintains that the trial court erred in denying his motion for directed verdict because the state did not prove be-

yond a reasonable doubt that the eighteen bags of cocaine contained a purity of more than ten percent. Specifically, he challenges the method used by the state's expert in testing the purity of the cocaine. The state's expert witness, a forensic chemist trained in drug analysis, testified that she took a sample from each bag, combined them, and used the gas chromatograph to determine the purity of the sample. Based upon this test, she found the sample was 59 percent pure.

As this court recognized in *Williams v. State*, 199 Ga. App. 566, 569 (2) (405 SE2d 716) (1991), "failure to conduct an 'exact test' to determine the purity of the mixture down to a specific percentage of cocaine would affect only the weight and not the admissibility of the expert's opinion regarding the purity thereof. 'The weight to be given the expert's opinion is, in all cases, a question for the jury.' We will not invade the province of the jury merely because it must have determined the expert's testimony was credible in order to arrive at its verdict of guilty of 'the offense of trafficking cocaine,' as averred." (Citation omitted.) Accordingly, since there was evidence on the purity of the mixture of cocaine seized, the trial court did not err in denying the directed verdict on this basis.

2. Next, Pugh maintains that the trial court erred by failing to grant his extraordinary motion for new trial. In the motion, Bennett maintains that an investigator from the district attorney's office aided the bailiffs in taking a piece of evidence in the jury room. However, at the hearing on the motion, the investigator testified that he assisted the bailiff with a floor jack because the bailiff had a bad back, and placed the jack at the entrance to the jury room and kicked it with his left foot. He did not walk into the jury room, did not speak to or communicate with any of the jurors. The jurors were questioned at the hearing and they all testified that the manner in which the evidence was brought into the room did not affect their deliberations.

"It has long been recognized by the courts of this state that the guarantee of a fair and impartial jury is a central safeguard to a fair trial in our system of criminal justice. There is a presumption of prejudice to the defendant when an irregularity in the conduct of [state personnel] is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred." (Citations omitted.) *Lamons v. State*, 255 Ga. 511, 512 (340 SE2d 183) (1986). We agree with the trial court that the state has met its burden in showing that Pugh was not harmed by the investigator's conduct. Many of the members of the jury could not remember who placed the evidence in the room.

3. Lastly, Pugh asserts that the trial court erred in denying his extraordinary motion for new trial based upon communication that a bailiff had with jurors. The bailiff provided the jurors with general information such as informing them to select a foreman, and that if

they had any questions for the judge that they needed to write them down on a piece of paper. He also informed them where the foreman sits. He did not suggest to them which way they should vote or whether Pugh was innocent or guilty. There is no evidence that any information was provided other than general information on court procedure. "These circumstances warrant the conclusion that appellant suffered no harm by virtue of the alleged out-of-court contact, beyond a reasonable doubt." *Anderson v. State*, 203 Ga. App. 118, 122-123 (416 SE2d 309) (1992). See also *Lamons*, supra.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 26, 1995 —
RECONSIDERATION DENIED FEBRUARY 8, 1995 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*W. Donald Patten, Jr.*, for appellant.

*Robert E. Keller, District Attorney, Mary D. Hanks, Assistant District Attorney*, for appellee.