## A01A0248. THIGPEN v. THE STATE.
### (546 SE2d 60)

ELDRIDGE, Judge.

A Gwinnett County jury found Debra Thigpen guilty of aggravated assault and possession of a firearm during the commission of said assault, which charges arose during a domestic dispute wherein Thigpen shot at her ex-husband with a Ruger .357 magnum pistol. She appeals, raising a claim of ineffective assistance of trial counsel. On review of such claim, we affirm.

> The proper standard to be employed in determining enumerations concerning ineffective assistance of counsel, whether based upon a claim of right arising under federal or state law, is the two-pronged test announced in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). First, appellant must show that counsel's performance was deficient; second, [she] is required to show that [she] was prejudiced by counsel's deficient performance. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. As to the second prong, the question is whether there exists a reasonable probability that, but for [her] counsel's errors, the jury would have had a reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different. Further, a trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.[1]

With these principles in mind, we review Thigpen's specific claims of deficient performance.

---

[1] (Citations and punctuation omitted.) *Hall v. State*, 243 Ga. App. 804, 805 (534 SE2d 196) (2000).

(a) Thigpen contends her trial counsel was ineffective for failing to explore and put forward evidence of the battered woman syndrome in support of her justification defense. However, trial counsel testified at the motion for new trial hearing that he considered such evidence, but found it inapplicable in the instant case because the incidents of physical abuse between Thigpen and her ex-husband were recent in relation to the indicted offense.

> The battered woman syndrome describes a series of common characteristics that appear in women who are abused physically and psychologically over an extended period of time by the dominant male figure in their lives. A summary of the battered woman syndrome is set forth in *State v. Kelly*[, 97 N.J. 178 (478 A2d 364, 371) (1984),] particularly the three-phase battering cycle that develops in abusive relationships and the state of psychological paralysis into which some women descend. This Court's conclusion . . . that the battered woman syndrome is a complex subject is supported by a review of the sustained psychological and physical trauma compounded by aggravating social and economic factors that comprise the battered woman syndrome.[2]

The record shows that the indicted offense occurred on January 6, 1999. The first incident of physical abuse by Thigpen's ex-husband occurred in July 1998, followed by a second incident of physical abuse in October 1998. Thereafter, Thigpen obtained a restraining order and a warrant for her ex-husband's arrest.

We find the record supports trial counsel's conclusion that the instant case "is in no manner a battered woman syndrome case."[3] Not only was there no evidence of a pattern of physical abuse over an extended period of time, Thigpen's swift response in seeking a restraining order and warrant for her ex-husband's arrest falls far short of demonstrating the "psychological paralysis" that is the hallmark of the battered woman syndrome.

(b) Next, Thigpen contends that trial counsel was ineffective for failing to call numerous character witnesses who would have testified in her support at trial. However, "[d]ecisions regarding which witnesses to call and all other trial strategies are the exclusive province of the attorney after consultation with his client."[4]

Here, trial counsel testified that he did not consider the intro-

---

[2] (Citations, punctuation and footnotes omitted.) *Johnson v. State*, 266 Ga. 624, 626 (2) (469 SE2d 152) (1996).

[3] (Citation omitted.) *Adame v. State*, 244 Ga. App. 257, 258 (1) (534 SE2d 817) (2000).

[4] *Parrish v. State*, 237 Ga. App. 274, 284 (10) (514 SE2d 458) (1999).

duction of character witnesses. Thigpen's current counsel did not ask him why he made such decision. But the record is revealing in that regard. While Thigpen had numerous family and friends appear in her support at a post-trial supersedeas bond motion, the record also shows that Thigpen's ex-husband had family and friends testify in his favor at trial regarding specific misconduct by Thigpen in relation to the indicted act. From the record, it appears that opening the door on Thigpen's "good character" might just as easily have resulted in the introduction of an equal amount of "bad character" evidence. Absent a showing that trial counsel's determination not to seek out character evidence was a strategic error, we will not find it as such on the record before us.

(c) Thigpen also claims error in trial counsel's decision not to introduce good character evidence in mitigation during sentencing.[5] However, the trial court, while noting Thigpen's support at the supersedeas bond hearing, specifically found that

> when I sat through the trial . . . I was troubled by the evidence in the case — by that I mean I was troubled by the fact that your client procured a weapon, hid it outside the door knowing her husband was coming over and got into that tussle with him and shot as he was backing away. That's the part that troubles me. The neighborhood there — those shots from a .357 magnum fortunately didn't hit anyone. But that put the whole neighborhood in danger. And her child was in her arms at the time she did it. I just considered it an appalling act. And on the other hand I recognize the hardship that her children are going through and that her family's going through and the anguish that her friends feel for her. But we can't undo what happened. And we can't avoid the consequences of that conduct. And that's what I go with.

There is no evidence on the record before us that additional testimony regarding Thigpen's character would have in any way altered the judge's sentencing determination, which was expressly based upon Thigpen's actions. "Thus, [Thigpen] has failed to carry [her] burden of showing that [she] was prejudiced by counsel's performance."[6]

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

---

[5] The State introduced no evidence in aggravation of sentence. The trial court sentenced Thigpen to ten years, serve five, balance probated on the aggravated assault count and five years consecutive probation on the firearm count.

[6] *Barber v. State*, 236 Ga. App. 294, 299 (5) (512 SE2d 48) (1999).

DECIDED FEBRUARY 27, 2001.

*Edwin J. Wilson,* for appellant.

*Daniel J. Porter, District Attorney, R. Keith Miles, Assistant District Attorney,* for appellee.