## A03A1473. CASTILLO v. THE STATE.
(589 SE2d 325)

RUFFIN, Presiding Judge.

A jury found Gustavo Garza Castillo guilty of selling cocaine, trafficking in cocaine, and possessing a firearm during the commission of a felony. Castillo appeals, asserting that the court erred in failing to grant a directed verdict as to trafficking, in charging the jury, and in expressing its opinion on the evidence. Finally, Castillo asserts that trial counsel provided ineffective assistance of counsel. For reasons that follow, we affirm.

Viewed favorably to the verdict,[1] the evidence shows that Nick Neal, an undercover investigator with the Gwinnett County Drug Task Force, met with Castillo and Christopher Judge to purchase one ounce of crack cocaine. At that meeting, Neal made arrangements to purchase a larger quantity of cocaine the next day at Judge's house.

When Neal arrived at the house, Judge told him that the cocaine was "on its way." Castillo arrived shortly thereafter with a black plastic bag filled with 18 individually packaged bags of suspected cocaine. After Neal paid for the suspected cocaine, he gave the "take-down signal" to his unit to initiate the arrest. Neal then searched Castillo and discovered a loaded handgun on his person. Castillo was charged with selling cocaine, trafficking in cocaine of more than 200

---

grams, theft by receiving stolen property,[2] and possession of a firearm during the commission of a felony.

At trial, Robert Ollis, an expert in the field of chemical analysis of controlled substances, testified for the State. Ollis prepared a report based on his analysis of the package containing the 18 individual plastic bags. The total weight of the cocaine was 248 grams. Ollis randomly selected three of the plastic bags, which together weighed approximately 40.8 grams, for chemical analysis. The three bags contained cocaine of ninety-three percent purity. Ollis testified that, in his expert opinion, the remaining bags contained cocaine of similar purity.

1. Castillo asserts that the trial court erred in failing to grant a directed verdict as to trafficking. He contends that the State only established that Castillo was in possession of 40.8 grams of cocaine, whereas the indictment charged him with possession of more than 200 grams.

Pursuant to OCGA § 16-13-31 (a) (1), "[a]ny person who knowingly sells . . . or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . commits the felony offense of trafficking in cocaine." If the quantity or mixture is 28 grams or more but less than 200 grams, the court must sentence the person to a mandatory minimum term of ten years imprisonment and a fine of $200,000. However, if the quantity is 200 grams or more, the person shall be sentenced to a mandatory minimum term of 15 years in prison and a fine of $300,000.[3]

Castillo's contention that the State only proved possession of 40.8 grams is based on the failure of the State's expert to test the entire 248 grams. But, we have held that the testing of representative samples is sufficient to support a conviction for trafficking in the entire amount.[4] Ollis testified that he randomly tested three of the total eighteen bags, or 40.8 grams of the total 248 grams. He also testified that in his expert opinion the remaining bags contained cocaine of similar purity. Under Georgia law, the weight to be given an expert's opinion, is, in all cases, a question for the jury.[5] Given Ollis' testimony, we find that the trial court did not err in failing to direct a verdict for Castillo as to trafficking.

2. Castillo also contends that the court erred in instructing the jury on trafficking in 28 grams or more because the indictment charged him with trafficking in 200 grams or more. We disagree.

---

[2] The trial judge later directed a verdict on this charge.

[3] See OCGA § 16-13-31 (a) (1) (A), (B).

[4] See *Covington v. State*, 226 Ga. App. 484, 485 (2) (486 SE2d 706) (1997).

[5] See *Pugh v. State*, 216 Ga. App. 253, 254 (1) (454 SE2d 538) (1995).

Reversible error may result if the indictment alleges that the defendant committed a crime in one particular way and the trial court instructs the jury on other methods for committing the crime.[6] An accused, however, "can commit the crime of trafficking in only one way, by being involved with more than 28 grams of [cocaine]."[7] The quantity of cocaine above 28 grams affects sentencing, not the manner in which the crime is committed. Thus, the trial court did not charge the jury on a crime not alleged in the indictment.

It appears that Castillo's true claim of error is that the jury may have found him guilty of possessing 28 grams or more of cocaine, whereas the trial court sentenced him for possessing 200 grams or more. But the trial court instructed the jury that, if it found Castillo guilty of possessing 28 grams or more of cocaine, it was to expressly state so in its verdict. The verdict form did not specify that the jury's finding of guilt was predicated upon the lesser amount, and the trial court sentenced Castillo accordingly. If Castillo took issue with the form of the verdict, it was incumbent upon him to object to it.[8] And his failure to do so constitutes waiver.[9]

3. Castillo also contends that, on several occasions, the trial judge improperly expressed his opinion with respect to the evidence in violation of OCGA § 17-8-57. This section states in part that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."[10] Castillo, however, neither objected nor moved for a mistrial after the trial judge made the statements. Thus, he has waived the issue on appeal.[11] Furthermore, even if Castillo had preserved this allegation of error, we would find no basis for reversal.

In the first instance cited by Castillo, the trial judge interrupted the State's questioning of Ollis to state that he was not sure what the witness was talking about. The State resumed its questioning, and Castillo had the opportunity to cross-examine the witness. The transcript does not indicate that the trial judge made an improper comment or otherwise set forth his opinion regarding the evidence. In the second instance cited by Castillo, he asserts that the judge made an improper comment after Castillo objected that the State had not established a chain of custody. The trial judge stated that he thought the witness had testified that he had received the cocaine from J.

---

[6] See *Sims v. State*, 258 Ga. App. 536, 539 (3) (574 SE2d 622) (2002).
[7] Id.
[8] See *Slinkard v. State*, 259 Ga. App. 755, 760 (4) (577 SE2d 825) (2003).
[9] See id.
[10] OCGA § 17-8-57.
[11] See *Keller v. State*, 208 Ga. App. 589, 590 (1) (431 SE2d 411) (1993).

Morris, a police department employee, but that Castillo was free to question the witness further, which Castillo did. Moreover, the witness had indeed just testified that he had received the cocaine from J. Morris. Again, there is no indication that the judge made an improper comment. Finally, Castillo points to a colloquy between the trial judge and the lawyers regarding the State's motion to tender the cocaine as an exhibit. This type of exchange is not prohibited by OCGA § 17-8-57.[12]

4. Finally, Castillo claims ineffective assistance of counsel on grounds that his counsel failed to move for a mistrial based on the judge's improper comments, that he failed to adequately question a juror regarding a potential bias, and that he failed to object to prejudicial hearsay evidence. To succeed on his claim of ineffective assistance of counsel, Castillo must show that counsel's performance was deficient and that the deficient performance prejudiced him.[13] A trial court's conclusion that the defendant received effective assistance of counsel will be upheld unless it is clearly erroneous.[14] We find no error here.

With respect to Castillo's contention regarding the judge's comments, we have already determined that none of the comments cited by Castillo was improper. Accordingly, we see no basis for an ineffective assistance claim based on his trial counsel's failure to move for a mistrial.

With respect to Castillo's contentions regarding voir dire, his trial counsel admitted that during voir dire he had not asked for further details relating to a juror whose son had a negative experience with illegal drugs. However, Castillo has not shown how he was prejudiced, and we fail to see how the outcome of the trial would have been any different if his trial counsel had further pursued the issue.

Finally, regarding his failure to object to certain hearsay evidence regarding a stolen gun, trial counsel testified that he did not object because he did not see anything to be gained by it in light of other evidence that was produced. Again, Castillo fails to show how he was prejudiced. And, because the court granted Castillo's motion for directed verdict on the theft by receiving stolen property charge, we cannot discern how he could make such a showing.

Because Castillo has failed to carry his burden of demonstrating that he was prejudiced by trial counsel's performance, the trial court did not err in rejecting Castillo's ineffective assistance claims.[15]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

---

[12] See *Aman v. State*, 223 Ga. App. 309, 310-311 (477 SE2d 431) (1996).
[13] See *Thigpen v. State*, 248 Ga. App. 301 (546 SE2d 60) (2001).
[14] See id.
[15] See id. at 303.

DECIDED OCTOBER 24, 2003.

*Lawrence Lewis*, for appellant.

*Daniel J. Porter, District Attorney, Elizabeth L. Jaeger, Assistant District Attorney*, for appellee.