A04A0645. ROGERS v. THE STATE.

(595 SE2d 326)

ANDREWS, Presiding Judge.

A Dougherty County jury found Leroy Rogers guilty of armed robbery and possession of a firearm by a convicted felon. On appeal, Rogers claims the trial court erred in permitting impermissibly suggestive identification testimony. He also contends that he received ineffective assistance of counsel. We disagree and affirm for the reasons set forth below.

Viewed in a light most favorable to the jury's verdict, the evidence shows that in the early afternoon of April 24, 2000, Angie Clark, a cashier at a Family Dollar store, noticed a man enter the store as she rang up one or two customers. The man went up and down several aisles of the store and brought a pack of batteries up to the counter. He pointed a gun at Clark and told her to take the money out of the cash register or he would shoot her dead. Clark gave money to the man, and the man then left the store. Clark called for help, and the store manager and Jason Hawkins, another

employee, came up from the back of the store. The three of them went outside, and Hawkins ran around to the left of the store where he saw a blue car with a yellow Castle Auto Sales tag. Hawkins looked in the window of the car, and the driver turned and looked at Hawkins before the car pulled out onto the highway.

Police issued a lookout for a light blue Century automobile with a Castle Auto Sales tag. Officer Edwards of the Albany police noticed a parked light blue Oldsmobile with a yellow Castle Auto Sales tag. Edwards alerted his supervisor, who instructed an officer to go to Castle Auto Sales to find out who purchased the blue Oldsmobile. The people at Castle Auto Sales told the officer that Rogers had purchased the car and gave him Rogers' address. Based on this information, an officer located Rogers. Rogers told the officer that his car had been stolen from the 700 block of North Broad. Officer Edwards first confirmed that there were no reports of a stolen car in that area and then had Rogers taken to the police station.

At the police station, Officer Edwards put Rogers in an interview room with a tinted window which was covered by window shades that could be rolled up and down. Hawkins and Clark were placed in an adjoining room. Officer Edwards brought Clark up to the window and asked Hawkins to go to the back of the room. When the shades were halfway up, Clark identified Rogers as the robber. The shades were brought back down and then raised for Hawkins, who identified Rogers as the man he had seen driving the vehicle outside the store. The two identifications were made approximately ninety minutes after the robbery.

1. Rogers claims the identification evidence was tainted and the trial court erred in not suppressing it. While we agree with Rogers that the pre-trial identification procedure was suggestive, we do not believe that the circumstances of this case warranted exclusion of the identification testimony.

A pre-trial identification procedure in which only one suspect is presented to a witness presents a danger of irreparable misidentification. *Simmons v. State*, 209 Ga. App. 21, 22 (2) (432 SE2d 623) (1993). "To evaluate that likelihood, we apply the test enunciated in *Neil v. Biggers*, [409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972),] which requires that we consider the witnesses' opportunity to view the suspect at the time of the offense, the witnesses' degree of attention, the accuracy of the witnesses' prior description and their level of certainty." *Gresham v. State*, 246 Ga. App. 705, 706 (1) (541 SE2d 679) (2000). See also *Clark v. State*, 271 Ga. 6, 12 (7) (515 SE2d 155) (1999).

When applied to this case, the above-mentioned factors do not show a "substantial likelihood of irreparable misidentification." *Neil v. Biggers*, supra, 409 U. S. at 198. Clark and Hawkins both had an

opportunity to see the robber at close range, in adequate light, and at a time when their attention was completely focused on him. The identifications occurred only an hour and a half after the robbery. Furthermore, Officer Edwards' testimony showed that both witnesses identified Rogers immediately and without any sign of uncertainty.

Rogers points out a difference in Clark's initial description of the robber to police and his actual physical characteristics. Clark told police that the robber was a male in his late thirties or early forties, approximately five feet eight inches tall and 175 pounds. At the time of his arrest, Rogers was 57 years old and weighed 198 pounds. Although there is some difference between Clark's initial description of the robber and Rogers, we do not believe that the difference is so material as to give rise to a substantial likelihood of irreparable misidentification. See *Morgan v. State*, 197 Ga. App. 823 (399 SE2d 578) (1990) (despite discrepancies in witness's physical description of robbers, trial court did not err in concluding there was no misidentification under totality of circumstances). We conclude that the trial court did not err in allowing the identification testimony.

2. Rogers claims he received ineffective assistance of counsel for failing to allow the defendant to testify. Again, we disagree.

"To succeed on his claim of ineffective assistance of counsel, [Rogers] must show that counsel's performance was deficient and that the deficient performance prejudiced him. A trial court's conclusion that the defendant received effective assistance of counsel will be upheld unless it is clearly erroneous." (Footnotes omitted.) *Castillo v. State*, 263 Ga. App. 772, 775 (4) (589 SE2d 325) (2003).

Rogers contends that he offered his defense counsel two areas of exculpatory evidence which required that he testify in his defense, but that his trial counsel prevented him from testifying. Rogers showed at his motion for new trial that he was contacted by police at his home, which was approximately a mile and a half from where his car was located, and he contends the distance from the car to his residence is inconsistent with his having driven the car away from the scene of the robbery. Rogers also testified at the motion for new trial that he had a condition which caused his ring finger to stick straight out when he tried to make a fist, and he contends this evidence is inconsistent with the lack of testimony that the robber held his gun in an abnormal fashion.

The record does not support Rogers' contention that he was denied the right to testify in his own defense. Rogers does not refer us to any announcement by him in open court that he wished to testify. See OCGA § 24-9-20 (b). Furthermore, "[t]he decision whether or not to testify is a tactical one made by the defendant himself after

consultation with counsel. The choice of whether to testify is ultimately a defendant's." (Footnotes omitted.) *Chambers v. State*, 266 Ga. 39, 42 (3) (463 SE2d 887) (1995). Rogers does not show his counsel's role in his decision not to testify, but advice in that area would fall within the ambit of trial strategy and, as such, generally not be subject to challenge. See *Powell v. State*, 210 Ga. App. 409, 413 (6) (437 SE2d 598) (1993) (errors in judgment and tactical errors do not constitute denial of effective assistance of counsel). Furthermore, we cannot say that Rogers was necessarily prejudiced by his failure to testify. The State was able to substantially impeach Rogers' testimony at the hearing on motion for new trial through cross-examination, and there is no basis to find that, but for trial counsel's alleged error, there is a reasonable probability the result of the trial would have differed. See *Thigpen v. State*, 248 Ga. App. 301 (546 SE2d 60) (2001). We conclude that the trial court did not err in denying Rogers a new trial based on his claim of ineffective assistance of counsel.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 16, 2004

*Donaldson, Bell & Pickett, Mark L. Pickett*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Alex J. Kaplan, Assistant District Attorneys*, for appellee.