A06A1143. TEMPLES v. THE STATE.
(635 SE2d 249)

PHIPPS, Judge.
After a jury trial, Tara Jo Temples was convicted of trafficking in methamphetamine. On appeal, she argues that her trial counsel was ineffective. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict, the record shows that on the basis of a tip from a confidential informant, police made a controlled buy of methamphetamine from a co-defendant dropped off from a car driven by Temples. This co-defendant, Judith Watson, later testified that Temples had arranged to drop her off in

---

[20] *Treadwell v. State*, 272 Ga. App. 508, 512 (4) (c) (613 SE2d 3) (2005).
[21] *Hooks v. State*, 280 Ga. 164, 165 (3) (626 SE2d 114) (2006).

the driveway, circle the neighborhood, and pick her up. A second co-defendant, Christie Montgomery, had also been a passenger in the car, and testified that she and Temples ran a methamphetamine business together.

At trial, Temples called her housemate to testify about a telephone conversation he had with her just after her arrest. When counsel asked "[h]ow [Temples] [had sounded] when she called," the state objected that the question was irrelevant. When the housemate testified that he could tell that Temples was upset because "[s]he was crying when [he] answered the phone," the state again objected on the basis of relevance. In the conversation that followed, the trial court said that the fact that Temples had been crying "means nothing more than that tears were shed." The conversation continued:

> THE COURT: How does this have any relevancy for this jury to determine the outcome of this case?
> [Temples's counsel]: It bolsters Ms. Temples' testimony —
> THE COURT: So it's a self-serving declaration that was made after arrest.
> [Temples's counsel]: I'll withdraw it, then.
> THE COURT: All right.

After Temples was convicted, appellate counsel filed a motion for new trial alleging that trial counsel had been ineffective when he failed to argue that the housemate's testimony concerning Temples's crying was relevant and admissible as a prior consistent statement offered for purposes of rehabilitation and when he failed to object and move for a mistrial on the ground that the court had commented on the evidence. At the hearing on the motion, trial counsel testified that he had not asked that the jury be excused during the above-quoted conversation because "at least the jury would get to hear my argument and hopefully they'd hear what I had to say and maybe it would stick." He also testified that he had withdrawn the line of questioning because "the judge had made his decision on that issue." Trial counsel also testified, however, that he did not have any strategic reason for failing to approach the bench or to move for a mistrial, and that he should have done either or both of these. The trial court denied the motion for new trial.

On appeal, Temples again argues that trial counsel was ineffective when he abandoned his questioning of the housemate, when he failed to approach the bench or ask that the jury be dismissed during his conversation about that witness's testimony, and when he failed to object and move for a mistrial on the basis of the judge's comments.

1. Though Temples has not raised the general grounds on appeal, we have reviewed the record, and find that the evidence sufficed to sustain her conviction for methamphetamine trafficking.[1]

2. "To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency."[2]

> A charge of ineffective assistance of counsel is not judged by a standard of errorless counsel or by hindsight, but rather whether counsel rendered reasonably effective assistance; there is a critical distinction between inadequate preparation and unwise choices of trial tactics and strategy, which are not to be judged by hindsight or result.[3]

Finally, the question of ineffectiveness is a mixed one of law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[4]

(a) Although trial counsel later regretted his decision to abandon his questioning of the housemate concerning Temples's crying, he also testified that he had done so because he had already succeeded in placing the gist of this witness's anticipated testimony in front of the jury. Even where, as here, counsel critiques his performance after the fact, we are bound to defer to his reasonable tactical decision, made without the benefit of hindsight, that he had accomplished enough with this line of questioning.[5] It follows that since the jury's presence during the above-quoted discussion concerning its relevance was arguably of strategic benefit to Temples, she can show neither that trial counsel was ineffective in failing to insist that the jury be dismissed nor that she was prejudiced as a result of its presence.[6]

(b) A trial court's contributions to colloquies over the admission or exclusion of evidence do not amount to the kind of comments on the evidence barred by OCGA § 17-8-57.[7] There is nothing in the record

---

[1] OCGA § 16-13-31 (e).

[2] *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[3] *Stuart v. State*, 274 Ga. App. 120, 121 (616 SE2d 855) (2005) (citation and footnote omitted).

[4] *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000) (footnote omitted).

[5] *Stinson v. State*, 215 Ga. App. 12, 13 (1) (449 SE2d 544) (1994) (decision to abandon line of questioning concerning certain evidence amounted to reasonable trial tactics).

[6] Id. (defendant did not show reasonable probability that outcome would have been different).

[7] See *Castillo v. State*, 263 Ga. App. 772, 775 (4) (589 SE2d 325) (2003) (no ineffective

here to support Temples's contention that the trial court was improperly commenting on the evidence when it discussed whether and why it should allow the line of questioning concerning Temples's crying to continue. Trial counsel was therefore not ineffective for failing to object or move for a mistrial on this basis.[8]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 2, 2006.

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.

*Tommy K. Floyd, District Attorney, John A. Pipkin III, Assistant District Attorney*, for appellee.

---

assistance in failing to object to trial court's statements in course of colloquy over whether evidence should be admitted because those statements did not violate OCGA § 17-8-57); *Adams v. State*, 264 Ga. 71, 76 (7) (440 SE2d 639) (1994).

